## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No. _____

BRIANA BRITO, on behalf of herself and all others
similarly situated;

       Plaintiff,

    v.

COMMUNITY HEALTH SYSTEMS, INC., a Delaware
Corporation; COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION, a
Delaware Corporation; ALTA VISTA REGIONAL
HOSPITAL; CARLSBAD MEDICAL CENTER; EASTERN
NM MEDICAL CENTER; MIMBRES MEMORIAL
HOSPITAL; MOUNTAINVIEW REGIONAL MEDICAL
CENTER; & LEA REGIONAL MEDICAL CENTER,

       Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Community

Health Systems Professional Services Corporation ("CHSPSC") hereby removes this

action from the Fourth Judicial District Court of the State of New Mexico, San Miguel

County to the United States District Court for the District of New Mexico.

## BACKGROUND

1.    Plaintiff Briana Brito filed a civil class action complaint against

Community Health Systems, Inc. ("CHSI"), CHSPSC, Alta Vista Regional Hospital,

Carlsbad Medical Center, Eastern New Mexico Medical Center, Mimbres Memorial

Hospital, Mountainview Regional Medical Center, and Lea Regional Medical Center (collectively, "Defendants") on September 19, 2014 in the Fourth Judicial District Court, San Miguel County, New Mexico, styled *Briana Brito v. Community Health Systems, Inc., et al*, Case No. D-412-CV-2014-00316 (the "State Case"). Plaintiff's complaint ("Compl.") is attached to this notice, along with the State Case filings (*see* ¶ 24, *infra*), as Exhibit A.

2.    Plaintiff alleges that criminals originating in China hacked into Defendants' computer systems and stole certain patient information. (Ex. A, Compl. ¶¶ 22-25.) She further alleges that she and a nationwide putative class of similarly situated persons "now face a substantial increased risk of identity theft" as a result of the theft. (*Id.* ¶¶ 12, 25, 34.)

3.    Based on her alleged increased risk of identity theft, plaintiff brings claims for unjust enrichment, money had and received, breach of contract, negligence, negligence per se, breach of confidence/wrongful disclosure of confidential communication, and violation of the New Mexico Unfair Trade Practices Act. (*Id.* ¶¶ 43-95.) As damages, plaintiff seeks to recover "emotional distress" and alleged economic harm in the form of "loss of payment to Defendants[,] part of which was intended to pay for the administrative costs of data security . . ., diminution in the value of services provided, [] future expenses for credit monitoring," and "consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information." (*Id.* ¶¶ 32, 96.c.iv.)

4.    Plaintiff seeks to represent a nationwide class of "[a]ll individuals in the

2

United States that are current or former customers/patients of CHS and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months of April 2014 to June 2014." (*Id.* ¶ 34.)

**GROUNDS FOR REMOVAL**

5.      The State Case is removable pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. *See also Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006) ("CAFA also added its own removal statute, permitting any defendant to remove a qualifying action without regard to the residence or consent of other defendants[.]") (citing 28 U.S.C. § 1453(b)).

**A.      Removal is Timely.**

6.      Plaintiff's complaint was filed in state court on September 19, 2014. (Ex. A, Compl. at 1.) CHSPSC was served on September 29, 2014. (*See* Ex. A, at pp. 78-80.)

7.      Thus, CHSPSC's Notice of Removal is timely filed within the 30-day window under 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

**B.      This Court Has Original Jurisdiction under CAFA.**

8.      This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because: (1) the matter in controversy is a class action where a member of the putative class of plaintiffs is a citizen of a state different from a defendant; (2) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) the number of members of the proposed plaintiff class in the aggregate is more than 100. 28 U.S.C. § 1332(d), *as amended by* The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4.

3

### 1.   Diversity of Citizenship.

9.      Plaintiff seeks to represent a nationwide class that she approximates to include 4.5 million similarly situated individuals.  (Ex. A, Compl. ¶¶ 25, 34, 37.)  These individuals reside in 29 states across the country, and more than two thirds of them reside in states other than New Mexico.  (Declaration of Andi Bosshart ["Bosshart Dec."] at ¶ 4, attached as Exhibit B.)

10.      Defendants CHSI and CHSPSC are Delaware corporations with their principal places of business in Tennessee.  (Ex. A, Compl. ¶¶ 2-3.)  Plaintiff alleges the remaining defendants are New Mexico corporations with their principle places of business in New Mexico.  (*Id.* ¶¶ 4-9.)

11.      Thus, minimal diversity exists because at least one plaintiff and at least one defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2)(A); *Coll v. First Am. Title Ins. Co.*, 2008 WL 9093362, at *3 (D.N.M. Apr. 21, 2008) ("minimal diversity" requires "only that one plaintiff class member be diverse from one defendant"), *aff'd in part, remanded in part on other grounds*, 642 F.3d 876 (10th Cir. 2011).  Nor could either of CAFA's exceptions apply.  *See* 28 U.S.C. § 1332(d)(3), (4).  (*See also* Ex. B, Bosshart Dec. at ¶ 4.)

### 2.   The Amount in Controversy is Satisfied.

12.      Plaintiff's nationwide putative class action complaint puts more than $5,000,000 at issue in this case.

13.      Plaintiff seeks to represent a putative class that she alleges consists of approximately 4.5 million people.  (Ex. A, Compl. ¶¶ 25, 34, 37.)  Thus, if plaintiff is seeking more than *one dollar and twelve cents* worth of damages on behalf of each

4

putative class member, the jurisdictional amount is satisfied.

14.     At least three other putative nationwide class actions have been filed seeking certification of the same class.  In each of these cases, the plaintiffs have alleged that the amount in controversy exceeds CAFA's jurisdictional threshold of $5 million. (*See Alverson et al. v. Community Health Systems, Inc. et al.*, 2:14-cv-01630-KOB (N.D. Ala.), Second Amended Compl. ¶¶ 30 & 198, attached as Exhibit C; *Roman v. Community Health Systems, Inc. et al.*, 3:14-cv-01705-RDM (M.D. Pa.), Compl. ¶¶ 13 & 35, attached as Exhibit D; *Lawson et al. v. Community Health Systems, Inc. et al.*, 3:14-cv-00712-DPJ-FKB (S.D. Miss.), Amended Compl. ¶¶ 15 & 55, attached as Exhibit E.)

15.     In this case, plaintiff seeks damages for herself and these 4.5 million other individuals for alleged "emotional distress" and "economic harm, including but not limited to:  loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because Defendants did not properly secure Brito's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring." (Ex. A, Compl. ¶¶ 32, 34, 37.)  Plaintiff also seeks "consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information." (*Id.* ¶¶ 34, 37, 96.c.iv.)  These damages aggregate to exceed $5 million. *See* 28 U.S.C. § 1332(d)(6).

16.     For instance, the three main national credit-reporting agencies, Equifax, TransUnion, and Experian, advertise monthly rates for credit-monitoring services ranging from $14.95 to $19.95 per person. (Ex. B, Bosshart Dec. at ¶¶ 7-8, Tab 1.)

17.     Similarly, Experian offers an identity-theft protection product that

5

includes $1 million worth of identity-theft insurance for 15.95 per month per person. (*Id.* ¶¶ 9-11, Tab 2.)

18.     Even if the cost of providing the requested credit-monitoring and identity-theft insurance services were measured by the cost of providing these services in bulk as opposed to the retail cost, which the plaintiff has not suggested in the complaint (*see* Ex. A, Compl. ¶ 32 (seeking "future expenses for credit monitoring")), the cost of providing those services would still exceed the jurisdictional minimum.  For example, CHSPSC offered one year of free credit-monitoring and identity-theft consultation and restoration services to any person impacted by the data theft through Kroll, which charged CHSPSC a negotiated bulk rate of $4.47 per subscriber.  (Ex. B, Bosshart Dec. at ¶¶ 12-13.)

19.     Moreover, plaintiff's complaint seeks punitive damages for herself and the putative class.  (Ex. A, Compl. ¶¶ 49, 56, 68, 77, 90, 95, 96.d.)  *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012) ("punitive damages may be considered in determining the requisite jurisdictional amount").  New Mexico courts have allowed punitive damages of more than seven times the compensatory damages. *See Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 976 P.2d 1, 18 (N.M. 1998) (holding that punitive damages award of $4,000,000 to insured for breach of contractual duty did not violate due process and was not disproportionate to the $540,000 in compensatory damages when carriers acted in bad faith).

20.     Plaintiff also seeks "litigation expenses and attorneys' fees."  (Ex. A, Compl. ¶¶ 95, 96.g.)  *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339-40 (10th Cir.

1998) ("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). The New Mexico Unfair Trade Practices Act permits an award of attorneys' fees to a prevailing plaintiff.  NMS § 57-12-10(C).

21.     Accordingly, more than the $5,000,000 amount in controversy required under CAFA, 28 U.S.C. § 1332(d)(2), is at issue here.

### 3.     The Proposed Class Exceeds 100 Members.

22.     Plaintiff alleges that her proposed class includes approximately 4.5 million people.  (Ex. A, Compl. ¶¶ 25, 34, 37.)  Thus, CAFA applies here.  *See* 28 U.S.C. § 1332(d)(5)(B).

23.     For all of these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case is removable pursuant to 28 U.S.C. §§ 1441 & 1453. Removal to this Court is appropriate because this judicial district embraces the district and division in which this case was pending in state court.  *See* 28 U.S.C. § 1446(a).

### STATE COURT PLEADINGS AND NOTICE

24.     Pursuant to 28 U.S.C. § 1446(a), copies of the current state court docket sheet, each pending motion, petition, and related response, reply, and brief (none are pending), and all process, pleadings, and orders served upon or otherwise obtained by CHSPSC in the state court are attached hereto as Exhibit A.

25.     Pursuant to 28 U.S.C. § 1446(d), CHSPSC will provide written notice of the filing of this notice to all adverse parties and a copy of this notice will be filed with the Clerk of the Fourth Judicial District Court, San Miguel County, New Mexico.

WHEREFORE, CHSPSC respectfully removes the State Case to the United States District Court for the District of New Mexico.

Dated this 16th day of October, 2014

William C. Madison
Michael J. Dekelva
MADISON & MROZ, P.A.
201 Third Street, N.W.
Albuquerque, NM 87102
Phone: 505-242-2177
Fax: 505-242-7184
Email: wcm@madisonlaw.com
       mjd@madisonlaw.com

*Attorneys for Defendant Community*
*Health Systems Professional Services*
*Corporation*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL**
was served via the Court's ECF system on this 16th day of October, 2014, to the
following:

> Counsel for plaintiff Briana Brito
> Turner W. Branch
> Margaret Moses Branch
> Mary Lou Boelcke
> 2025 Rio Grande Blvd. NW
> Albuquerque, NM 87104

William C. Madison